Form B1 (Official Form 1) - (Rev. 04/10)                                                                                    2010 USBC, Central District of California

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle): *Burns, Stephen Lee* | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, ano trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): *2262* | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, and State): *301 E. Verdugo Avenue, Apt. 205* *Burbank, California* ZIP CODE *91502* | Street Address of Joint Debtor (No. & Street, City, and State): ZIP CODE |
| County of Residence or of the Principal Place of Business: *Los Angeles* | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): ZIP CODE | Mailing Address of Joint Debtor (if different from street address): ZIP CODE |

Location of Principal Assets of Business Debtor (if different from street address above):                       ZIP CODE

| Type of Debtor (Form of Organization) (Check one box.) | Nature of Business (Check one box.) | Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box) |
|---|---|---|
| ☑ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form* ☐ Corporation (includes LLC and LLP) ☐ Partnership ☐ Other (if debtor is not one of the above entities, check this box and state type of entity below) | ☐ Health Care Business ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B) ☐ Railroad ☐ Stockbroker ☐ Commodity Broker ☐ Clearing Bank ☐ Other | ☑ Chapter 7     ☐ Chapter 11     ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding ☐ Chapter 9     ☐ Chapter 12 ☐ Chapter 13     ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |

| | Tax-Exempt Entity (Check one box.) | Nature of Debts (Check one box) |
|---|---|---|
| | ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code.) | ☑ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."     ☐ Debts are primarily business debts. |

| Filing Fee (Check one box) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached | Check one box: ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101 (51D). |
| ☐ Filing Fee to be paid in installments (Applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A. | Check if: ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300. *(amount subject to adjustment on 04/01/13 and every three years thereafter).* |
| ☐ Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check all applicable boxes: ☐ A plan is being filed with this petition ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b) |

**Statistical/Administrative Information**

☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

| THIS SPACE FOR COURT USE ONLY |
|---|
| **FILED** NOV 16 2010 CLERK U.S. BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA BY: _____ Deputy Clerk |

**Estimated Number of Creditors**

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

**Estimated Assets**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

**Estimated Liabilities**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Form B1 (Official Form 1) (Rev.04/10)                                                          2010 USBC, Central District of California

| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>*Burns, Stephen Lee*  FORM B1, Page 2 |
|---|---|

**Prior Bankruptcy Case Filed Within Last 8 Years (If more than two, attach additional sheet)**

| Location<br>Where Filed: | Case Number: | Date Filed: |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)**

| Name of Debtor: | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

### Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

❑   Exhibit A is attached and made a part of this petition.

### Exhibit B
(To be completed if debtor is an individual whose debts are primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).

X _____
Signature of Attorney for Debtor(s)                    Date

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

❑  Yes, and Exhibit C is attached and made a part of this petition.

☑  No

### Exhibit D
(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑  Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

❑  Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

☑  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

❑  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

❑  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
*Check all applicable boxes.*

❑  Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

❑  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

❑  Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

❑  Debtor certifies that he/she has served the Landlord with this certification (11 U.S.C. § 362(1)).

Form B1 (Official Form 1) (Rev. 04/10)

2010 USBC, Central District of California

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): | FORM B1, Page 3 |
|---|---|---|

## Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct. [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _Stephen Lee Burns_
Signature of Debtor

X _____
Signature of Joint Debtor

_(818) 566-7042_
Telephone Number (if not represented by attorney)

_November 15, 2010_
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign main proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

| **Signature of Attorney** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
|---|---|

**Signature of Attorney**

X _____
Signature of Attorney for Debtor(s)

_____
Printed Name of Attorney for Debtor(s)

_____
Firm Name

_____
Address

_____

_____
Telephone Number

_____
Date            Bar Number

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

_____

_____

| **Signature of Debtor (Corporation/Partnership)** | |
|---|---|

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

X _____
                                                    Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

Official Form 1- Exhibit D (Rev 12/09) Page 1                              2009 USBC, Central District of California

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA**

In re: *Stephen Lee Burns* Debtor(s).

CHAPTER: 7

CASE NO.:

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* _____

_____
_____
_____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

Official Form 1- Exhibit D (Rev 12/09) Page 2

2009 USBC, Central District of California

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: _____

Date: __November 15, 2010_____

## STATEMENT OF RELATED CASES
## INFORMATION REQUIRED BY LOCAL BANKRUPTCY RULE 1015-2
## UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1.  A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, his or her current or former domestic partner, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

    *None*

2.  (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

3.  (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

4.  (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

    *None*

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at ___Burbank___ , California.

_____
Debtor

Dated ___November 15, 2010___

_____
Joint Debtor

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

**F 1015-2.1**

B 201 - Notice of Available Chapters (Rev. 12/09)                                    USBC, Central District of California

Name: _Stephen Lee Burns_____

Address: _301 East Verdugo Avenue_____

_Apartment 205, Burbank, CA 91502_____

Telephone: _(818)566-7042__ Fax: _____

☐ Attorney for Debtor
☑ Debtor in Pro Per

---

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| List all names including trade names, used by Debtor(s) within last 8 years: | Case No.: |
|---|---|
| _Stephen Lee Burns_ | **NOTICE OF AVAILABLE CHAPTERS** |
| | (Notice to Individual Consumer Debtor Under § 342(b) of the Bankruptcy Code) |

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

1.  **Services Available from Credit Counseling Agencies**

    **With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

    **In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

**2.    The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors**

**Chapter 7:  Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)**

1.    Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7.  If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code.  It is up to the court to decide whether the case should be dismissed.
2.    Under chapter 7, you may claim certain of your property as exempt under governing law.  A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.
3    The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.
4.    Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

**Chapter 13:  Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)**
1.    Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time.  You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.
2.    Under chapter 13, you must file with the court  a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors.  The court must approve your plan before it can take effect.
3.    After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

**Chapter 11:  Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)**
Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12:  Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)**
Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

**3.    Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials**

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both.  All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition.  Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

B 201 - Notice of Available Chapters (Rev. 12/08)

## Certificate of [Non-Attorney] Bankruptcy Petition Preparer

I, the [non-attorney] bankruptcy petition preparer signing the debtor's petition, hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code.

_____
Printed name and title, if any, of Bankruptcy Petition Preparer

Social Security number (If the bankruptcy petition Address: preparer is not an individual, state the Social Security number of the officer, principal, responsible person, or partner of the bankruptcy petition preparer.)  (Required by 11 U.S.C. § 110.)

_____

X_____
Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

### Certificate of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read this notice.

Stephen L. Burns
Printed Name(s) of Debtor(s)

_Stephen L. Burns_    11-15-10
Signature of Debtor        Date

Case No. (if known) _____

X_____
Signature of Joint Debtor (if any)   Date

Form B6 - Summary (12/07)                                          2007 USBC, Central District of California

# UNITED STATES BANKRUPTCY COURT
## Central District of California

In re *Burns, Stephen Lee*
                                          Debtor.

Case No.:
(If known)

### SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.  Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| | NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|---|
| A - | Real Property | Yes | 1 | $ 0 | | |
| B - | Personal Property | Yes | 3 | $9,445.00 | | |
| C - | Property Claimed as Exempt | Yes | 1 | | | |
| D - | Creditors Holding Secured Claims | Yes | 6 | | $126,747.33 | |
| E - | Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | $456.17. | |
| F - | Creditors Holding Unsecured Nonpriority Claims | Yes | 3 | | $61,071.56 | |
| G - | Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - | Codebtors | Yes | 1 | | | |
| I - | Current Income of Individual Debtor(s) | Yes | 1 | | | $3,500.00 |
| J - | Current Expenditures of Individual Debtors(s) | Yes | 1 | | | $2,476.00 |
| | TOTAL | | 20 | $9,445.00 | $188,275.06 | |

Official Form B6 - Statistical Summary  (12/07)                                              2007 USBC, Central District of California

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | |
| In re *Burns, Stephen Lee*<br><br>                                              Debtor(s). | CHAPTER:  7<br><br>CASE NO.: |

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐   Check this box if you are an individual debtor whose debts are NOT primarily consumer debts.  You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ 0 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $456.17 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ 0 |
| Student Loan Obligations (from Schedule F) | $ 0 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ 0 |
| Obligations to Pension or  Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ 0 |
| TOTAL | $456.17 |

**State the following:**

| | |
|---|---|
| Average Income  (from Schedule I, Line 16) | $3,500.00 |
| Average Expenses (from Schedule J, Line 18) | $2,426.00 |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $3,500.00 |

**State the following:**

| | | |
|---|---|---|
| 1.  Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $126,747.33 |
| 2.  Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $456.17 | |
| 3.  Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $0.00 |
| 4.  Total from Schedule F | | $61,071.56 |
| 5.  Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $187,818.89 |

| Form B6A (12/07) | | | | 2007 USBC, Central District of California |
|---|---|---|---|---|
| In re _Stephen Lee Burns_ | | | Debtor. | Case No.: _____ (If known) |

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| _None_ | | | | |
| | | Total ➤ | | |

(Report also on Summary of Schedules.)

Form B6B - (12/07)                                                              2007 USBC, Central District of California

| In re | | Case No.: | |
|-------|--|-----------|--|
| Stephen Lee Burns | Debtor. | | (If known) |

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None."  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.  If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."  If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| | TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|--|--|--|--|--|--|
| 1. | Cash on hand. | | 1. Cash on hand | | 1. $750.00 |
| 2. | Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and home stead associations, or credit unions, brokerage houses, or cooperatives. | | 2. Checking at Wells Fargo, Account No. 0614413557 | | 2. $250.00 |
| 3. | Security deposits with public utilities, telephone companies, landlords, and others. | | 3. Rent Deposit--$725.00; Utility Deposit--$20.00 | | 3. $745.00 |
| 4. | Household goods and furnishings, including audio, video, and computer equipment. | | 4. Couch; chairs; desk; dressers; table; bedstead; bookcases; refrigerator; micro-wave; 2 televisions; computer; stereo; piano | | 4. $1,600.00 |
| 5. | Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | x | | | |
| 6. | Wearing apparel. | | 6. Clothes | | 6. $500.00 |
| 7. | Furs and jewelry. | | 7. Jewelry | | 7. $500.00 |
| 8. | Firearms and sports, photo-graphic, and other hobby equipment. | | 8. 2 Cameras | | 8. $100.00 |
| 9. | Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | x | | | |
| 10. | Annuities. Itemize and name each issuer. | x | | | |
| 11. | Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c); Rule 1007(b)). | x | | | |

Form B6B - (12/07)                                                                    '07 USBC, Central District of California

| In re | | | Case No.: | |
|---|---|---|---|---|
| | Stephen Lee Burns | Debtor. | | (If known) |

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| | TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|---|
| 12. | Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | x | | | |
| 13. | Stock and interests in incorporated and unincorporated businesses. Itemize. | x | | | |
| 14. | Interests in partnerships or joint ventures. Itemize. | x | | | |
| 15. | Government and corporate bonds and other negotiable and non-negotiable instruments. | x | | | |
| 16. | Accounts receivable. | x | | | |
| 17. | Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | x | | | |
| 18. | Other liquidated debts owed to debtor including tax refunds. Give particulars. | x | | | |
| 19. | Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | x | | | |
| 20. | Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | x | | | |
| 21. | Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | x | | | |
| 22. | Patents, copyrights, and other intellectual property. Give particulars. | x | | | |
| 23. | Licenses, franchises, and other general intangibles. Give particulars. | | 23. California Bar license # 113371 | | 23. $0 |

Form B6B - (12/07)

In re    Stephen Lee Burns

Debtor.

Case No.: _____

(If known)

2007 USBC, Central District of California

# SCHEDULE B -PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|---|
| 24. | Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | x | | | |
| 25. | Automobiles, trucks, trailers, and other vehicles and accessories. | | 25. 2002 Camry 4 door sedan XLE. CA license plate 4WEP838. Miles-156,000. | | 25. $5,000.00 |
| 26. | Boats, motors, and accessories. | x | | | |
| 27. | Aircraft and accessories. | x | | | |
| 28. | Office equipment, furnishings, and supplies. | x | | | |
| 29. | Machinery, fixtures, equipment, and supplies used in business. | x | | | |
| 30. | Inventory. | x | | | |
| 31. | Animals. | x | | | |
| 32. | Crops - growing or harvested. Give particulars. | x | | | |
| 33. | Farming equipment and implements. | x | | | |
| 34. | Farm supplies, chemicals, and feed. | x | | | |
| 35. | Other personal property of any kind not already listed. Itemize. | x | | | |

_____ continuation sheets attached     Total ➤    $ 9,445.00

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

Form B6C - (04/10)                                                                2010 USBC, Central District of California

| In re  Stephen Lee Burns | | Case No.: | |
|---|---|---|---|
| | Debtor. | | (If known) |

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under: (Check one box)

❏ Check if debtor claims a homestead exemption that exceeds $146.450*.

❏  11 U.S.C. § 522(b)(2)

☒  11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| 1. Cash on hand | 1. CCP § 703. 140(b)(5) | 1. $750.00 | 1. $750.00 |
| 2. Checking Account at Wells Fargo | 2. CCP § 703. 140(b)(5) and (b)(1) | 2. $175.00 and $75.00 respectively | 2. $250.00 |
| 3. Rent Deposit | 3. CCP § 703. 140(b)(1) | 3. $725.00 | 3. $725.00 |
| 4. Utility Deposit | 4. CCP § 703. 140(b)(1) | 4. $20.00 | 4. $20.00 |
| 5. Couch; chairs; desk; dressers; table; bedstead; bookcases; refrigerator; micro-wave; 2 televisions; computer; stereo; piano | 5. CCP § 703. 140(b)(3) and (b)(1) | 5. $450.00 and $1,150.00 respectively | 5. $1,600.00 |
| 6. Clothes | 6. CCP § 703. 140(b)(1) | 6. $500.00 | 6. $500.00 |
| 7. Jewelry | 7. CCP § 703. 140(b)(4) | 7. $500.00 | 7. $500.00 |
| 8. 2 Cameras | 8. CCP § 703. 140(b)(1) | 8. $100.00 | 8. $100.00 |
| 9. Toyota Camry | 9. CCP § 703. 140(b)(2) and (b)(1) | 9. $2,775.00 and $2,225.00 respectively | 9. $5,000.00 |

*Amount subject to adjustment on 4/1/13, and every three years there after with respect to cases commenced on or after the date of adjustment

Form B6D - (12/07)                                              ~07 USBC, Central District of California

In re _Stephen Lee Burns_                                      Case No.:
                                          Debtor.                              (If known)

# SCHEDULE D – CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND A ACCOUNT NUMBER (See Instructions Above) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Last four digits of ACCOUNT NO. _Sivanush Andakyan_ 6558 Agnes Ave N. Hollywood, CA 91606 | | | L.A. County Small Claims Judgment entered on July 6, 2010 Andakyan v. Burns Case No. LAM10M04621 Value $ 3,080.00 | | | | $3,080.00 | $3,080.00 |
| Last four digits of ACCOUNT NO. _Arc Design_ 1141 17th Street Unit 1 Santa Monica, CA 90403 | | | LA County Small Claims Judgment entered on February 2, 2010 Arc Design v. Burns Case No. LAM09M12313 Value $ 3,550.00 | | | | $3,550.00 | $3,550.00 |
| Last four digits of ACCOUNT NO. _George and Kathy Beard_ 120.5 Pavoreal San Clemente, CA 92673 | | | Orange County Small Claims Judgment entered on August 2, 2010 Beard v. Burns, Case No. 30-2010-00357900 Value $ 3,500.00 | | | | $3,500.00 | $3,500.00 |

_5_ Continuation Sheets attached

Subtotal (Total of this page) ▶  $10,130.00   $10,130.00

Total (Use only last page) ▶  $

(Report total also on Summary of Schedules)   (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

Form B6D - (12/07)    ^07 USBC, Central District of California

| In re | Stephen Lee Burns | | Case No.: | |
|---|---|---|---|---|
| | | Debtor. | | (If known) |

## SCHEDULE D – CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Last four digits of ACCOUNT NO. Thomas Cassaro 1735 Winmar Drive Los Angeles, CA 90065 | | | L.A. County Small Claims Judgment entered on February 24, 2010 Cassaro v. Burns Case No. LAM 09M3120 Value $ 7,375.00 | | | | $7,375.00 | $7,375.00 |
| Last four digits of ACCOUNT NO. Hwa-Yen and Andrew Cho, 3175 Muir Trail Drive, Fullerton, CA 92833 | | | L.A. County Small Claims Judgment entered on October 6, 2010 Cho v. Burns, CASE No. LAM 10M06893 Value $ 7,610.00 | | | | $7,610.00 | $7,610.00 |
| Last four digits of ACCOUNT NO. Kavai Collins 1741 Crenshaw Blvd Apartment 110 Los Angeles, CA 90019 | | | L.A. County Superior Court Judgment entered on May 20, 2010 Collins v. Burns Case No. 10K08082 Value $ 1,230.84 | | | | $1,230.84 | $1,230.84 |
| Last four digits of ACCOUNT NO. Court Services LLC 5001 Birch street Newport Beach, CA 92660 | | | L.A. County Small Claims Judgment entered on September 15, 2009 Jun v. Burns Case No. 09M06333 Value $ 5,025.44 | | | | $5,025.44 | $5,025.44 |
| Last four digits of ACCOUNT NO. Johana Diaz 7623 S San Pedro Street, Los Angeles, CA 90003 | | | L.A. County Small Claims Judgment entered on December 22, 2009 Diaz v. Burns case No. LAM 09M11896 Value $ 2,423.73 | | | | $2,423.73 | $2,423.73 |

Sheet no. __1__ of __5__ continuation sheets attached to Schedule of Creditors Holding Secured Claims

Subtotal(s) (Total(s) of this page) ► $23,665.01 | $23,665.01

Total(s) (Use only last page) ► $ |

(Report also on Summary of Schedules)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

Form B6D - (12/07)    2007 USBC, Central District of California

| In re *Stephen Lee Burns* | | Case No.: |
|---|---|---|
| | Debtor. | (If known) |

# SCHEDULE D – CREDITORS HOLDING SECURED CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Last four digits of ACCOUNT NO. *8054* *Franchise Tax Board PO Box 942867 Sacramento, CA 94267-0041* | | | *California State Income Tax for 2008 Account Number: 1108708054* Value $ *2,685.01* | | | | *$2,685.01* | *$2,685.01* |
| Last four digits of ACCOUNT NO. *Noelle Francis 117 West Escalones San Clemente, CA 92672* | | | *CA Labor Commissioner Judgment entered on May 20, 2010. Francis v. Burns Case No. 06-95416* Value $ *4,555.32* | | | | *$4,555.32* | *$4,555.32* |
| Last four digits of ACCOUNT NO. *Richard and Debra Horny, 3 Feeton Ave S, San Francisco, CA 94080* | | | *San Mateo County Small Claims Judgment entered on July 1, 2010, Horny v. Burns. Case No. SCN-111768* Value $ *4,135.00* | | | | *$4,135.00* | *$4,135.00* |
| Last four digits of ACCOUNT NO. *David Huerta 1032 N. Sweetzer Ave #113, West Hollywood, CA 90069* | | | *L.A. Superior Court Judgment entered on July 6, 2010. Huerta v. Burns Case No. 10K112261* Value $ *1,870.41* | | | | *$1,870.41* | *$1,870.41* |
| Last four digits of ACCOUNT NO. *Internal Revenue Service, PO Box 145566, Cincinnati, OH 45250-5566* | | | *Income Tax for 2005 Case Number: 2005917413* Value $ *9,156.74* | | | | *$9,156.74* | *$9,156.74* |

Sheet no. *2* of *5* continuation sheets attached to Schedule of Creditors Holding Secured Claims

| | Subtotal(s) (Total(s) of this page) ► | $ *22,402.48* | *$22,402.48* |
|---|---|---|---|
| | Total(s) (Use only last page) ► | $ | |
| | | (Report also on Summary of Schedules) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

Form B6D - (12/07)  2007 USBC, Central District of California

| In re | Case No.: |
|-------|-----------|
| Stephen Lee Burns | |
| Debtor. | (If known) |

## SCHEDULE D – CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Last four digits of ACCOUNT NO. Internal Revenue Service, PO Box 145566, Cincinnati, OH 45250-5566 | | | Income Tax for 2006 Case Number: 200591741 3 Value $ 28,775.82 | | | | $28,775.82 | $28,775.82 |
| Last four digits of ACCOUNT NO. Internal Revenue Service, PO Box 145566, Cincinnati, OH 45250-5566 | | | Income Tax for 2008 Case Number: 200591741 3 Value $ 8,005.84 | | | | $8,005.84 | $8,005.84 |
| Last four digits of ACCOUNT NO. Yong Jung Kim 2125 Crescent Ave. Montrose, CA 91020 | | | L.A. County small claims Judgment entered on April 26, 2010. Kim v. Burns Case No. 10M02641 Value $ 2550.00 | | | | $2,550.00 | $2,550.00 |
| Last four digits of ACCOUNT NO. Thomas Kish 7217 La Presa Drive Los Angeles, CA 90068 | | | L.A. County Small Claims Judgment entered on May 25, 2010 Kish v. Burns case No. 12FM0M03570 Value $ 5,090.00 | | | | $5,090.00 | $5,090.00 |
| Last four digits of ACCOUNT NO. Fernando Loyola 6214 Peterson Ave. Woodland Hills, CA 91367 | | | L.A. County Small Claims Judgment entered on July 15, 2010. Loyola v Burns Case # LAV10V03010 Value $ 2,580.00 | | | | $2,580.00 | $2,580.00 |

Sheet no. 3 of 5 continuation sheets attached to Schedule of Creditors Holding Secured Claims

| | Subtotal(s) (Total(s) of this page) ▶ | $47,001.66 | $47,001.66 |
|---|---|---|---|
| | Total(s) (Use only last page) ▶ | $ | |
| | | (Report also on Summary of Schedules) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

Form B6D - (12/07)

2007 USBC, Central District of California

| In re Stephen Lee Burns | | Case No. |
|---|---|---|
| | Debtor. | (If known) |

## SCHEDULE D – CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Last four digits of ACCOUNT NO.<br>Ponniah Nimalan<br>255 N Cielo Road<br>#230, Palm Springs, CA 92262 | | | Riverside County Small Claims Judgment entered on June 14, 2010 Nimalan v. Burns Case No. INSICOO1021<br>Value $ 3,265.00 | | | | $3,265.00 | $3,265.00 |
| Last four digits of ACCOUNT NO.<br>Youngmi Oh<br>3301 Crail Way<br>Glendale, CA 91206 | | | L.A. County Small Claims Judgment entered on August 13, 2010. Oh v. Burns Case No. 6AMTOMDC515<br>Value $ 3,580.00 | | | | $3,580.00 | $3,580.00 |
| Last four digits of ACCOUNT NO.<br>Kaye Park<br>1248 Chestnut St.<br>Upland, CA 91784 | | | L.A. County Small Claims Judgment entered on July 20, 2010 Park v. Burns Case No. LAM 09M13372<br>Value $ 2,090.00 | | | | $2,090.00 | $2,090.00 |
| Last four digits of ACCOUNT NO.<br>Dustin T. Sanders<br>4 Bauguin Circle<br>Aliso Viejo, CA 92656 | | | Orange County Small Claims Judgment entered on June 18, 2010. Sanders v. Burns, Case No. 30-2009-00303843-S HH<br>Value $ 1,959.03 | | | | $1,959.03 | $1,959.03 |
| Last four digits of ACCOUNT NO.<br>Michael Shunnarah<br>950 Larrabee street #303, West Hollywood, CA 90069 | | | L.A. County Superior Court Judgment entered on February 23, 2010. Shunnarah v. Burns Case No. 10K01337<br>Value $ 8,513.78 | | | | $8,513.78 | $8,513.78 |

Sheet no. 4 of 5 continuation sheets attached to Schedule of Creditors Holding Secured Claims

| | | |
|---|---|---|
| Subtotal(s)<br>(Total(s) of this page) ➤ | $ 19,407.81 | $ 19,407.81 |
| Total(s)<br>(Use only last page) ➤ | $ | |
| | (Report also on Summary of Schedules) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

Form B6D - (12/07)                                                              2007 USBC, Central District of California

In re _Stephen Lee Burns_                        Debtor.        Case No.: _____ (If known)

## SCHEDULE D – CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Last four digits of ACCOUNT NO. Keenan Jackson 6235 Woolbridge St, Chino Hills, CA 91709 | | | L.A. County Small Claims Judgment entered on June 9, 2010 Jackson v. Burns Case No. CAM10.M00381 Value $1,594.00 | | | | $1,594.00 | $1,594.00 |
| Last four digits of ACCOUNT NO. Michael Wilke 7737 Romaine St. #5, West Hollywood, CA 90046 | | | CA Labor Commissioner Judgment entered on March 15, 2010. Wilke v. Burns Case No. 06-95011 Value $2,546.37 | | | | $2,546.37 | $2,546.37 |
| Last four digits of ACCOUNT NO. | | | Value $ | | | | | |
| Last four digits of ACCOUNT NO. | | | Value $ | | | | | |
| Last four digits of ACCOUNT NO. | | | Value $ | | | | | |

Sheet no. _5_ of _5_ continuation sheets attached to Schedule of Creditors Holding Secured Claims

Subtotal(s) (Total(s) of this page) ► $4,140.37 | $4,140.37

Total(s) (Use only last page) ► $126,747.33 | $126,747.33

(Report also on Summary of Schedules) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

Form B6E - (Rev. 04/10)    2010 USBC, Central District of California

| In re | | Case No.: | |
|---|---|---|---|
| Stephen Lee Burns | Debtor. | | (If known) |

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**: Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**: Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**: Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**: Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**: Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**: Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

*Amount subject to adjustment on 04/01/13, and every three years there after with respect to cases commenced on or after the date of adjustment.

**Form B6E - (Rev. 04/10)**                2010 USBC, Central District of California

| In re | Case No.: |
| Stephen Lee Burns | |
| Debtor. | (If known) |

☒ **Taxes and Certain Other Debts Owed to Governmental Units**: Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**: Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**: Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*Amounts are subject to adjustment on April 1, 2013, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_____ Continuation Sheets attached

County of Los Angeles has assessed a property tax on my former office location of
3530 Wilshire Blvd., Suite 1060, Los Angeles, CA 90010, for the fiscal year July 1,
1010 to June 30, 2011 in the amount of $456.17.  Payment should be mailed to Los
Angeles County Tax Collector, 225 N. Hill Street, Room 122, Los Angeles, CA 90012.
The Bill Number for this Tax is 40688935.

Form B6F (Official Form 6F) - (Rev. 12/07)                                                    2007 USBC, Central District of California

| In re | Stephen Lee Burns | Case No.: |
|-------|-------------------|-----------|
| | Debtor. | (If known) |

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition.  The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so.  If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).  Do not include claims listed in Schedules D and E.  If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors.  If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated."  If the claim is disputed, place an "X" in the column labeled "Disputed."  (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts filing a case under chapter 7, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

☐    Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Last four digits of ACCOUNT NO. 9264 Capital Management Services, 726 Exchange St. Suite 700, Buffalo, NY 14210 | | | Credit Card debt whose last balance was entered on July 7, 2010. The full Account Number is 06199264 | | | | $9,104.47 |
| Last four digits of ACCOUNT NO. 1451 Capital One Master Card PO Box 30285 Salt Lake City, UT 84130 | | | Credit Card debt whose last balance was entered on November 5, 2010. The full Acc't # is 517805727075 1451 | | | | $948.67 |
| Last four digits of ACCOUNT NO. 7836 Chase Visa P.O. Box 15548 Wilmington, DE 19886 | | | Credit Card debt whose last balance was entered on November 1, 2010. The full Acc't # is 4305872090027836 | | | | $3,272.20 |
| Last four digits of ACCOUNT NO. 8715 Citicorp Credit Services Alliance one Receivables P.O. Box 3107 Southeastern, PA 19398 | | | Credit Card debt whose last balance was entered on August 6, 2010. The Alliance Acc't No. is 19958715 | | | | $9,219.70 |

Subtotal ▶ $22,545.04

2  Continuation Sheets attached

Total ▶ $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

Form B6F (Official Form 6F) - (Rev. 12/07)                                2007 USBC, Central District of California

| In re Stephen Lee Burns | Case No.: |
|---|---|
| Debtor. | (if known) |

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Last four digits of ACCOUNT NO. 9615 Dell Preferred Account Payment Processing P.O. Box 6403 Carol Stream, IL 60197 | | | Credit card debt whose last balance was entered on October 20, 2010. The full Acc't No. is: 6879450119046739615 | | | | $2,389.05 |
| Last four digits of ACCOUNT NO. 6327 Financial Asset Management P O Box 451409 Atlanta, GA 31145 | | | Credit card debt whose last balance was entered on September 1, 2010. The full Account No. is 0024458556327 | | | | $3,965.19 |
| Last four digits of ACCOUNT NO. 7943 Financial Asset Management PO Box 451409 Atlanta, GA 31145 | | | Credit card debt whose last balance was entered on August 9, 2010. The full Acc't No. is 0024458537943 | | | | $9,443.47 |
| Last four digits of ACCOUNT NO. 1867 FMA Alliance, Ltd. P.O. Box 2409 Houston, TX 77252-2409 | | | Credit card debt whose last balance was entered on November 4, 2010. The full Account No. is 2670 1867 | | | | $8,969.98 |

Sheet no. 1 of 2 sheets attached to
Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ► $24,767.69

Total
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the
Statistical Summary of Certain Liabilities and Related Data.) ► $

Form B6F (Official Form 6F) - (Rev. 12/07)                                    2007 USBC, Central District of California

In re  *Stephen Lee Burns*                                    Case No.: _____

                                                    Debtor.                    (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Last four digits of ACCOUNT NO. 0678<br>HSBC Card Services<br>P.O. Box 60102<br>City of Industry, CA 91716 | | | Credit card debt whose last balance was entered on October 29, 2010. The full account number is: 5120-2550-0286-0678 | | | | $568.00 |
| Last four digits of ACCOUNT NO. 9005<br>HSBC Card Services<br>P.O. Box 60102<br>City of Industry, CA 91716 | | | Credit Card debt whose last balance was entered on October 22, 2010. The full account number is: 5155-9700-0655-9005 | | | | $709.09 |
| Last four digits of ACCOUNT NO. 1024<br>Platinum Recovery Solutions<br>14010 FNB Parkway Ste, STOP 8156<br>Omaha, NE 68154-5206 | | | Credit Card debt whose last balance on July 22, 2010. The full account number is 22/024 | | | | $12,481.74 |
| Last four digits of ACCOUNT NO. | | | | | | | |

|  |  |
|---|---|
| Sheet no. 2 of 2 sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | Subtotal ➤ $ 13,758.83 |
|  | Total (Use only on last page of the completed Schedule F.) (Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.) ➤ $61,071.56 |

Form B6G - (12/07)                                                    2007 USBC, Central District of California

| In re | | Case No.: | |
|---|---|---|---|
| Stephen Lee Burns | Debtor. | | (If known) |

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.
State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc.  State whether debtor is the lessor or lessee of a lease.  Provide
the names and complete mailing addresses of all other parties to each lease or contract described.  If  a minor child is a party to one of the
leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John
Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| Twin Oaks Properties<br>Bur-Cal Management<br>101 South First Street<br>Suite 400<br>Burbank, California 91502<br>Lessor of my residential Apt. | I am a month to month tenant of the Lessor at $1,175.00 per month. |

**Form B6H - (12/07)**                                                      **2007 USBC, Central District of California**

| In re | | Case No.: |
|---|---|---|
| Stephen Lee Burns | Debtor. | (If known) |

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☒ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

Form B6I - (Rev. 12/07)                                      2007 USBC, Central District of California

| In re | | Case No.: |
|---|---|---|
| **Stephen Lee Burns** | Debtor. | (If known) |

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: Unmarried | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S) | AGE(S) |
| **Employment:** | **DEBTOR** | **SPOUSE** |
| Occupation | Lawyer | |
| Name of Employer | Self-Employed | |
| How Long Employed | Ten years | |
| Address of Employer | 301 East Verdugo Ave. Apt. 205 Burbank, CA 91502 | |

**INCOME:** (Estimate of average or projected monthly income at time case filed)

| | | DEBTOR | SPOUSE |
|---|---|---|---|
| 1. | Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ 0 | $ |
| 2. | Estimate monthly overtime | $ 0 | $ |
| 3. | **SUBTOTAL** | $ 0 | $ |
| 4. | **LESS PAYROLL DEDUCTIONS** | | |
| | a. Payroll taxes and social security | $ 0 | $ |
| | b. Insurance | $ 0 | $ |
| | c. Union dues | $ 0 | $ |
| | d. Other (specify) _____ | $ 0 | $ |
| 5. | **SUBTOTAL OF PAYROLL DEDUCTIONS** | $ 0 | $ |
| 6. | **TOTAL NET MONTHLY TAKE HOME PAY** | $ 0 | $ |
| 7. | Regular income from operation of business or profession or farm (attach detailed statement) | $ 500.00 | $ |
| 8. | Income from real property | $ 0 | $ |
| 9. | Interest and dividends | $ 0 | $ |
| 10. | Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ 0 | $ |
| 11. | Social security or other government assistance (Specify) _____ | $ 0 | $ |
| 12. | Pension or retirement income | $ 0 | $ |
| 13. | Other monthly income (Specify) Loans or gifts from my Mother Ellen Burns | $ 3,000.00 | $ |
| 14. | **SUBTOTAL OF LINES 7 THROUGH 13** | $ 3,500.00 | $ |
| 15. | **AVERAGE MONTHLY INCOME:** (Add amounts shown on lines 6 and 14) | $ 3,500.00 | $ |
| 16. | **COMBINED AVERAGE MONTHLY INCOME** (Combine column totals from line 15) | $ 3,500.00 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

_____

_____

Form B6J - (Rev. 12/07)                                                                    2007 USBC, Central District of California

| In re | Stephen Lee Burns | Case No.: | |
|---|---|---|---|
| | | Debtor. | (If known) |

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

1.  Rent or home mortgage payment (include lot rented for mobile home) .................................... $1,175.00

    a. Are real estate taxes included?     Yes _X_____     No _____
    b. Is property insurance included?     Yes _X_____     No _____

2.  Utilities:  a.  Electricity and heating fuel .................................................................... $95.00
              b.  Water and sewer ................................................................................ $0
              c.  Telephone ........................................................................................ $110.00
              d.  Other  Cable connection for 2 TVs and Internet ................... $148.00
3.  Home maintenance (repairs and upkeep) .................................................................. $20.00
4.  Food ............................................................................................................. $250.00
5.  Clothing ........................................................................................................ $50.00
6.  Laundry and dry cleaning ................................................................................... $20.00
7.  Medical and dental expenses ............................................................................... $50.00
8.  Transportation (not including car payments) ........................................................... $200.00
9.  Recreation, clubs and entertainment, newspapers, magazines, etc. ............................... $250.00
10. Charitable contributions .................................................................................... $15.00
11. Insurance (not deducted from wages or included in home mortgage payments)
              a.  Homeowner's or renter's ..................................................................... $0
              b.  Life ................................................................................................ $0
              c.  Health ............................................................................................ $0
              d.  Auto ............................................................................................... $68.00
              e.  Other _____ $0
12. Taxes (not deducted from wages or included in home mortgage payments)
    (Specify) _____ $0
13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan)
              a.  Auto .............................................................................................. $0
              b.  Other _____ $0
              c.  Other _____ $0
14. Alimony, maintenance, and support paid to others ...................................................... $0
15. Payments for support of additional dependents not living at your home ............................ $0
16. Regular expenses from operation of business, profession, or farm (attach detailed statement) .. $25.00
17. Other _____ $0

18. AVERAGE MONTHLY EXPENSES (Total lines 1-17, Report also on Summary of Schedules and, ................ $2,476.00
    If applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the
    filing of this document: _____
    _____

20. STATEMENT OF MONTHLY NET INCOME
    a.  Total monthly income from Line 15 of Schedule I ..................................................... $3,500.00
    b.  Total monthly expenses from Line 18 above ........................................................... $2,476.00
    c.  Monthly net income (a. minus b.) ....................................................................... $1,024.00

Form B6 - Declaration (Rev. 12/07)                                                                                      2007 USBC, Central District of California

| In re | Stephen Lee Burns | Case No.: |
| | | (if known) |
| | Debtor. | |

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___23___
sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date ___November 15, 2010___          Signature: _____
                                                                   Debtor

Date _____          Signature: _____
                                                                   (Joint Debtor, if any)
                                                                   [If joint case, both spouses must sign.]

............................................................................................................................................................

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document
for compensation and  have provided the debtor with a copy of this document and the notices and information  required under 11 U.S.C.
§§ 110(b), 110(h) and 342(b); and, (3)  if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee
for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any
document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____          _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer          Social Security No.
                                                                                                               (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer,
principal, responsible person, or partner who signs this document.*

_____

_____

_____
Address

X _____          _____
   Signature of Bankruptcy Petition Preparer                              Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an
individual.

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C.
§ 110; 18 U.S.C. § 156.*

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent
of the partnership ] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of
perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that
they are true and correct to the best of my knowledge, information, and belief.          (Total shown on summary page plus 1.)

Date _____          Signature: _____

                                                                   _____
                                                                   [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.

# UNITED STATES BANKRUPTCY COURT
## Central District of California

| In re | | Case No.: |
|---|---|---|
| Stephen Lee Burns | Debtor. | (If known) |

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## Definitions

**"In business."** A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

**"Insider."** The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1.    Income from Employment or Operation of Business**

None    State the gross amount of income the debtor has received from employment, trade, or profession, or from operation
☐    of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| 2010: $5,000.00 | Self-employed Attorney |
| 2009: $20,000.00 | Self-employed Attorney |
| 2008: $60,000.00 | Self-employed Attorney |

Statement of Financial Affairs (Form 7) - Page 2 - (Rev. 04/10)    2010 USBC, Central District of California

**2.     Income Other than from Employment or Operation of Business**

None   State the amount of income received by the debtor other than from employment, trade, profession, operation of the
☐     debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If
      a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter
      13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and
      a joint petition is not filed.)

|           AMOUNT            |                SOURCE                |
|-----------------------------|--------------------------------------|
| $27,000.00                  | Loaned to me by my mother            |
|                             | Ellen Burns during 2009 and          |
|                             | 2010                                 |

---

**3.     Payments to Creditors**

*Complete a. or b., as appropriate, and c.*

None   a.   Individual or joint debtor(s) with primarily consumer debts: List all payments on loans, installment purchases of
☒         goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement
          of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than
          $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support
          obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and
          creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by
          either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition
          is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|------------------------------|-------------------|-------------|--------------------|
|                              |                   |             |                    |

---

None   b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made
☒         within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property
          that constitutes or is affected by such transfer is less than $5,850. If the debtor is an individual, indicate with an
          asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of
          an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.
          (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both
          spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|------------------------------|------------------------------|-----------------------------------|--------------------|
|                              |                              |                                   |                    |

Statement of Financial Affairs (Form 7) - Page 3 - (Rev. 04/10)                                    2010 USBC, Central District of California

None    c.    All debtors: List all payments made within **one year** immediately preceding the commencement of this case to or
☒         for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must
           include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are
           separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

4.    **Suits and Administrative Proceedings, Executions, Garnishments and Attachments**

None    a.    List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately
☐         preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include
           information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are
           separated and a joint petition is not filed.)

| (1) CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Andakyan v. Burns<br>LAM 10M04621<br>Counsel for Plaintiff is<br>KG Law<br>1010 N. Central Ave.<br>Suite 450<br>Glendale, CA 91202 | Attorney-client fee dispute; Small Claims | L.A. County Superior Court, 110 N. Grand Ave. L.A., CA 90012 | Judgment for Plaintiff in the amount of $3,080.00 entered on July 6, 2010 |

SEE ATTACHMENTS FOR FURTHER ANSWERS. NO. of Attachments    4

---

None    b.    Describe all property that has been attached, garnished or seized under any legal or equitable process within **one
☐         year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter
           13 must include information concerning property of either or both spouses whether or not a joint petition is filed,
           unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Court Services LLC<br>5001 Birch Street<br>Newport Beach, CA 92660<br>Assignee of Record from<br>Small Claims Plaintiff<br>Jin Young Jun<br>2316 El Rancho Vista<br>Fullerton, CA 92833<br>Los Angeles County Central District, Case No. 09M06233 | October 21, 2010 | $1,400.01 cash from Wells Fargo Checking Account Number 0614413557 |

| ( In re | ) | Case No. | ) |
| ( | ) | | ) |
| ( Stephen Lee Burns        Debtor | ) | | ) |

## UNITED STATES BANKRUPTCY COURT
### Central District of California
### STATEMENT OF FINANCIAL AFFAIRS

Attachment Sheet No. __1__ of __4__

### 4. Suits and Administrative Proceedings, Executions, Garnishments and Attachments
Subpart a

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| (2) Are Design v. Burns LAM 09M12313 | (2) Service contract dispute; Small Claims | (2) Los Angeles County Superior Court, 110 N. Grand Ave. L. A. CA 90012 | (2) Judgment for Plaintiff for $3,550.00 entered on February 2, 2010 |
| (3) Beard v. Burns SC HLH 30201000357900 | (3) Attorney-client fee dispute; Small Claims | (3) Orange County Superior Court, 23141 Moulton Parkway, Laguna Hills, CA 92653 | (3) Judgment for Plaintiffs for $3,500.00 entered on August 2, 2010 |
| (4) Cassaro v. Burns LAM 09M13120 | (4) Employer-employee pay dispute; Small Claims | (4) Los Angeles County Superior Court, 110 N. Grand Ave. L. A. CA 90012 | (4) Judgment for Plaintiff for $7,375.00 entered on February 24, 2010 |
| (5) Cho v. Burns LAM 10M06893 | (5) Attorney-client fee dispute; Small Claims | (5) Los Angeles County Superior Court, 110 N. Grand Ave. L. A. CA 90012 | (5) Judgment for Plaintiffs for $7,610.00 entered on October 6, 2010 |
| (6) Collins v. Burns 10K08082 | (6) Employer-employee pay dispute; Original Award of the Labor Commissioner in Case No. 06-94504 DG entered on March 23, 2010 | (6) Los Angeles County Superior Court, 111 N. Hill Street L. A. CA 90012 | (6) Labor Commissioner's Award is entered with LASC as a Judgment for Plaintiff for $1,230.84 on May 20, 2010 |
| (7) Diaz v. Burns LAM 09M11896 | (7) Attorney-client fee dispute; Small Claims | (7) Los Angeles County Superior Court, 110 N. Grand Ave. L.A. CA 90012 | (7) Judgment for Plaintiff for $2,423.73 entered on December 22, 2009 |
| (8) Franchise Tax Board v. Burns 1108708054 | (8) Statutory Lien for unpaid income tax for 2008, upon information and belief | (8) State of California Franchise Tax Board PO Box 942867 Sacramento, CA 94267-0041 | (8) The unpaid amount is $2,685.01 on information and belief |

```
(                                          )
(   In re                                  )   Case No.                        )
(                                          )                                   )
(        Stephen Lee Burns       Debtor    )                                   )
(                                          )                                   )
```

# UNITED STATES BANKRUPTCY COURT
## Central District of California
## STATEMENT OF FINANCIAL AFFAIRS

Attachment Sheet No. __2__ of __4__

### 4. Suits and Administrative Proceedings, Executions, Garnishments and Attachments
Subpart a

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| (9) Francis v. Burns 06-95416 DG | (9) Employer-employee pay dispute | (9) California Labor Commissioner, 320 W. 4th St. # 450 L.A. CA 90013 | (9) Judgment or Award for Plaintiff for $4,555.32 entered on May 20, 2010 |
| (10) Horny v. Burns SCN-111768 | (10) Attorney-client fee dispute; Small Claims | (10) San Mateo County Superior Court, 1050 Mission Road S. San Francisco, CA 94080 | (10) Judgment for Plaintiffs for $4,135.00 entered on July 1, 2010 |
| (11) Huerta v. Burns 10K11261 | (11) Employer-employee pay dispute; Original Award of the Labor Commissioner in Case No. 06-92432 BEN entered on January 21, 2010 | (11) Los Angeles County Superior Court, 111 N. Hill Street L. A. CA 90012 | (11) Labor Commissioner's Award is entered with LASC as a Judgment for Plaintiff for $1,870.41 on July 6, 2010 |
| (12) Internal Revenue Service v. Burns 2005917413 | (12) Statutory Lien for unpaid income tax for 2005; IRS Serial Number 495352608 | (12) IRS PO Box 145566 Cincinnati, OH 45250-5566 | (12) The unpaid amount is $9,156.74 on information and belief |
| (13) Internal Revenue Service v. Burns 2005917413 | (13) Statutory Lien for unpaid income tax for 2006; IRS Serial Number 495352608 | (13) IRS PO Box 145566 Cincinnati, OH 45250-5566 | (13) The unpaid amount is $28,775.82 on information and belief |
| (14) Internal Revenue Service v. Burns 2005917413 | (14) Statutory Lien for unpaid income tax for 2008; IRS Serial Number 714175610 | (14) IRS PO Box 145566 Cincinnati, OH 45250-5566 | (14) The unpaid amount is $8,005.84 on information and belief |
| (15) Jackson v. Burns LAM 10M00381 | (15) Attorney-client fee dispute; Small Claims | (15) Los Angeles County Superior Court, 110 N. Grand Ave. L.A. CA 90012 | (15) Judgment for Plaintiff for $1,594.00 entered on June 9, 2010 |

```
(                                          )    Case No.                            )
(  In re                                    )                                        )
(                                          )                                        )
(         Stephen Lee Burns      Debtor     )                                        )
(                                          )                                        )
```

# UNITED STATES BANKRUPTCY COURT
## Central District of California
## STATEMENT OF FINANCIAL AFFAIRS

Attachment Sheet No. __3__ of __4__

## 4. Suits and Administrative Proceedings, Executions, Garnishments and Attachments
Subpart a

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| (16) Jun v. Burns 09M06233 | (16) Attorney-client fee dispute; Small Claims. Plaintiff was awarded a Judgment that was entered on September 15, 2009 | (16) Los Angeles County Superior Court, 110 N. Grand Ave. L.A. CA 90012 | (16) Plaintiff assigned his/her Judgment to Court Services LLC. The balance on the Judgment is $5,025.44 |
| (17) Kim v. Burns LAM 10M02641 | (17) Attorney-client fee dispute; Small Claims | (17) Los Angeles County Superior Court, 110 N. Grand Ave. L.A. CA 90012 | (17) Judgment for Plaintiff for $2,550.00 entered on April 26, 2010 |
| (18) Kish v. Burns LAM 10M03570 | (18) Attorney-client fee dispute; Small Claims | (18) Los Angeles County Superior Court, 110 N. Grand Ave. L.A. CA 90012 | (18) Judgment for Plaintiff for $5,090.00 entered on May 25, 2010 |
| (19) Loyola v. Burns LAV 10V03010 | (19) Attorney-client fee dispute; Small Claims | (19) Los Angeles County Superior Court, 6230 Sylmar Avenue, Van Nuys, CA 91401 | (19) Judgment for Plaintiff for $2,580.00 entered on July 15, 2010 |
| (20) Nimalan v. Burns INS10001021 | (20) Attorney-client fee dispute; Small Claims | (20) Riverside County Superior Court, 46-200 Oasis Street, Indio, CA 92201 | (20) Judgment for Plaintiff for $3,265.00 entered on June 14, 2010 |
| (21) Oh v. Burns LAM 10M06515 | (21) Attorney-client fee dispute; Small Claims | (21) Los Angeles County Superior Court, 110 N. Grand Ave. L.A. CA 90012 | (21) Judgment for Plaintiff for $3,580.00 entered on August 13, 2010 |
| (22) Park v. Burns LAM 09M13372 | (22) Attorney-client fee dispute; Small Claims | (22) Los Angeles County Superior Court, 110 N. Grand Ave. L.A. CA 90012 | (22) Judgment for Plaintiff for $2,090.00 entered on July 20, 2010 |

| | |
|---|---|
| ( | ) |
| ( In re | ) Case No. |
| ( | ) |
| ( Stephen Lee Burns                    Debtor | ) |
| ( | ) |

## UNITED STATES BANKRUPTCY COURT
### Central District of California
### STATEMENT OF FINANCIAL AFFAIRS

Attachment Sheet No. __4__ of __4__

**4. Suits and Administrative Proceedings, Executions, Garnishments and Attachments**
Subpart a

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| (23) Sanders v. Burns 30-2009-00303843 | (23) Attorney-client fee dispute; Small Claims | (23) Orange County Superior Court, 23141 Moulton Parkway, Laguna Hills, CA 92653 | (23) Judgment for Plaintiff for $1,838.00 entered on June 18, 2010. The current unpaid balance on information and belief is $1,959.03. |
| (24) Shunnarah v. Burns 10K01337 | (24) Employer-employee pay dispute originally heard and ruled upon by the California Labor Commissioner on November 23, 2009 under Case Number 06-93780 RR. The Commissioner awarded Plaintiff $8,146.90. | (24) Los Angeles County Superior Court, 111 N. Hill Street, L.A. CA 90012 | (24) Labor Commissioner's Award is entered with LASC as a Judgment for Plaintiff for $8,513.78 on February 23, 2010 |
| (25) Wilke v. Burns 06-95011 PG | (25) Employer-employee pay dispute | (25) California Labor Commissioner, 320 W. 4th St. # 450, L.A. CA 90013 | (25) Labor Commissioner Awarded Plaintiff $2,546.37 on March 15, 2010 |

Statement of Financial Affairs (Form 7) - Page 4 - (Rev. 04/10)                                2010 USBC, Central District of California

**5.    Repossessions, Foreclosures and Returns**

None    List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu
☑      of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case.
       (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both
       spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

---

**6.    Assignments and Receiverships**

None    a.  Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the
☒      commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment
       by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint
       petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

---

None    b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year**
☒      immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13
       must include information concerning property of either or both spouses whether or not a joint petition is filed, unless
       the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE AND NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

**7.      Gifts**

None    List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case
☒      except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member
        and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or
        chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless
        the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |
| | | | |

**8.      Losses**

None    List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement
☒      of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must
        include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and
        a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |
| | | |

**9.      Payments Related to Debt Counseling or Bankruptcy**

None    List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for
☐      consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy
        within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| Abacus Credit Counseling 3413 Alginet Drive Encino, CA 91436 | May 17, 2010 | $25.00 |

**10.    Other Transfers**

None    a.    List all other property, other than property transferred in the ordinary course of the business or financial affairs of
⊠          the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement
            of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both
            spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None    b.    List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case
⊠          to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11.    Closed Financial Accounts**

None    List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were
☐       closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include
        checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts
        held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial
        institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or
        instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are
        separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| (1) Citibank, N.A. P.O. Box 26892 San Francisco, CA 94126 | Professional General Account: # 6057 | $0 balance by June 2010 |

          SEE ATTACHMENT FOR FURTHER ANSWERS. NO. of Attachments    1

| ( | | | ) | Case No. | ) |
|---|---|---|---|---|---|
| ( In re | | | ) | | ) |
| ( | | | ) | | ) |
| ( Stephen Lee Burns | Debtor | | ) | | ) |
| ( | | | ) | | ) |

# UNITED STATES BANKRUPTCY COURT
## Central District of California
### STATEMENT OF FINANCIAL AFFAIRS

Attachment Sheet No. <u>1</u> of <u>1</u>

## 11. Closed Financial Accounts

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| (2) Citibank, N.A.<br>P.O. Box 26892<br>San Francisco, CA 94126 | (2) Professional General Account: # 0971 | (2) $0.00 balance by or on October 18, 2010 |
| (3) Commerce West Bank<br>2111 Business Center Drive<br>Irvine, CA 92612 | (3) Attorney-client Trust Account: # 8049 | (3) $0.00 balance by January 2010 |
| (4) Commerce West Bank<br>2111 Business Center Drive<br>Irvine, CA 92612 | (4) Professional General Account: # 8031 | (4) $0.00 balance by February 2010 |
| (5) Commerce West Bank<br>2111 Business Center Drive<br>Irvine, CA 92612 | (5) Attorney Intake Account: # 8262 | (5) $0.00 balance by May 2010 |
| (6) Commerce West Bank<br>2111 Business Center Drive<br>Irvine, CA 92612 | (6) Attorney Payroll Account: # 8270 | (6) $0.00 balance by March 2010 |
| (7) Commerce West Bank<br>2111 Business Center Drive<br>Irvine, CA 92612 | (7) Attorney Expense Account: # 8312 | (7) $0.00 balance by April 2010 |

Statement of Financial Affairs (Form 7) - Page 7 - (Rev. 04/10)                    2010 USBC, Central District of California

**12.    Safe Deposit Boxes**

None    List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables
☒      within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or
       chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless
       the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13.    Setoffs**

None    List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding
☒      the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information
       concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint
       petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14.    Property Held for Another Person**

None    List all property owned by another person that the debtor holds or controls.
☐

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|
| Stephen L. Burns Attorney at Law 301 E. Verdugo Ave. Apartment 205 Burbank, CA 91502 | As an Attorney I am the Trustee of monies held for the benefit of remaining clients. These are held in an Attorney-Client Trust Account at Citibank: # 0989 The balance is $21,972.90 as of November 13, 2010. | Citibank, N.A. P.O. Box 26892 San Francisco, CA 94126 |

2010 USBC, Central District of California

**15.    Prior Address of Debtor**

None     If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which
☒        the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is  filed,
         report also any separate address of either spouse.

         ADDRESS                         NAME USED                      DATES OF OCCUPANCY


**16.    Spouses and Former Spouses**

None     If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona,
☒        California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years**
         immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former
         spouse who resides or resided with the debtor in the community property state.

         NAME


**17.    Environmental Information**

         For the purpose of this question, the following definitions apply:

         "Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination,
         releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or
         other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes,
         or material.

         "Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or
         formerly owned or operated by the debtor, including, but not limited to, disposal sites.

         "Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance,
         hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None    a.  List the name and address of every site for which the debtor has received notice in writing by a governmental unit
☒           that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental
            unit, the date of the notice, and, if known, the Environmental Law:

              SITE NAME            NAME AND ADDRESS              DATE OF         ENVIRONMENTAL
             AND ADDRESS          OF GOVERNMENTAL UNIT           NOTICE              LAW

None   b.  List the name and address of every site for which the debtor provided notice to a governmental unit of a release
☐       of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None   c.  List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with
☐       respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or
        was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

## 18.  Nature, Location and Name of Business

None   a.  *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses,
☐       and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing
        executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession,
        or other activity either full- or part-time within **six years** immediately preceding the commencement of this case,
        or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately
        preceding the commencement of this case.

        *If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses,
        and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more
        of the voting or equity  securities, within **six years** immediately preceding the commencement of this case.

        *If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses,
        and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more
        of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOC. SEC. NO./ COMPLETE EIN' OR OTHER TAXPAYER I.D. NO. | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| Law Office of Stephen L. Burns | 95-4757164 | 3530 Wilshire Blvd., Suite 1060, L.A. CA 90010 | Attorney at Law | June 2000 2010 |
| Law Office of Stephen L. Burns | 26-4293734 | 3530 Wilshire Blvd., Suite 1060, L.A. CA 90010 | Attorney at Law | 2008 to 2010 |

None   b.   Identify any business listed in response to subdivision a., above, that is "single asset real estate" as      defined
☒         in 11 U.S.C. § 101.

         NAME                                    ADDRESS

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor
who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer,
director,  managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner,
other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either
full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as
defined above, within six years immediately preceding the commencement of this case.  A debtor who has not been in business
within those six years should go directly to the signature page.)*

**19.    Books, Records and Financial Statements**

None   a.   List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy
☐         case kept or supervised the keeping of books of account and records of the debtor.

         NAME AND ADDRESS                              DATES SERVICES RENDERED
      James J. Son, CPA                               2008 and 2009
      3807 Wilshire Boulevard
      Suite 1107
      Los Angeles, CA 90010

None   b.   List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have
☒         audited the books of account and records, or prepared a financial statement of the debtor.

         NAME                    ADDRESS              DATES SERVICES RENDERED

None   c.   List all firms or individuals who at the time of the commencement of this case were in possession of the books of
☐         account and records of the debtor.  If any of the books of account and records are not available, explain.

         NAME                                    ADDRESS
      Stephen L. Burns                          301 E. Verdugo Avenue
      Attorney at Law                           Apartment 205
                                                Burbank, CA 91502

None      d.   List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a
☒              financial statement was issued by the debtor within **two years** immediately preceding the commencement of this
               case.

         NAME AND ADDRESS                                                  DATE ISSUED


## 20.    Inventories

None      a.   List the dates of the last two inventories taken of your property, the name of the person who supervised the taking
☒              of each inventory, and the dollar amount and basis of each inventory.

                                                                          DOLLAR AMOUNT
                                                                          OF INVENTORY
                                                                          (Specify cost, market,
         DATE OF INVENTORY              INVENTORY SUPERVISOR               or other basis)


None      b.   List the name and address of the person having possession of the records of each of the inventories reported
☒              in a., above.

                                                        NAME AND ADDRESS OF CUSTODIAN
         DATE OF INVENTORY                              OF INVENTORY RECORDS


## 21.    Current Partners, Officers, Directors and Shareholders

None      a.   If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the
☒              partnership.

         NAME AND ADDRESS              NATURE OF INTEREST              PERCENTAGE OF INTEREST

None   b.   If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or
☒        indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

---

**22.   Former Partners, Officers, Directors and Shareholders**

None   a.   If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately
☒        preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

---

None   b.   If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within
☒        **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

---

**23.   Withdrawals from a Partnership or Distributions by a Corporation**

None   If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider,
☒     including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite
      during **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**24. Tax Consolidation Group.**

None     If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any
☒       consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately
         preceding the commencement of the case.

         NAME OF PARENT CORPORATION                          TAXPAYER IDENTIFICATION NUMBER (EIN)

**25. Pension Funds.**

None     If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which
☒       the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding
         the commencement of the case.

         NAME OF PENSION FUND                                TAXPAYER IDENTIFICATION NUMBER (EIN)

● ● ● ● ● ● ● ● ●

Statement of Financial Affairs (Form 7) - Page 14 - (Rev. 04/10)                    2010 USBC, Central District of California

*[If completed by an individual or individual and spouse]*

    I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date   November 15, 2010          Signature   *Stephen Lee Burns*
                                                *Debtor*   Stephen Lee Burns

Date  _____     Signature _____
                                                 *Joint Debtor (if any)*

-------------------------------------------------------------------------------------

*[If completed on behalf of a partnership or corporation]*

    I, declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date  _____     Signature _____

                                                   _____
                                                   Print Name and Title

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

                _____ continuation sheets added

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

-------------------------------------------------------------------------------------

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER
### (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____     _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer     Complete Social Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person, or partner who signs this document.*

_____

_____
Address

_____     _____
*Signature of Bankruptcy Petition Preparer*     Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document if the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. § 156.*

Statement Regarding Assistance of Non-Attorney - Local Bankruptcy Rule 1002-1 (Rev. 12/03)    2003 USBC, Central District of California

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re | Case No.: |
|---|---|
| Stephen Lee Burns | Chapter: 7 |
| | **STATEMENT REGARDING ASSISTANCE OF NON-ATTORNEY WITH RESPECT TO THE FILING OF BANKRUPTCY CASE** |

**THE DEBTOR/JOINT DEBTOR DOES HEREBY STATE AND REPRESENT:**

☐    I received assistance from a non-attorney in connection with the filing of my bankruptcy case.

1.    I paid the sum of $_____

2.    I still owe the sum of $_____

3.    I agreed to turn over or give a security interest in the following property:

4.    The name of the person or the name of the firm that assisted me was:

Name:

Address:

Telephone:

☒    I did not receive assistance from a non-attorney in connection with the filing of my bankruptcy case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at _Burbank_____, California.

Executed on: _____November 15, 2010_____
                                Date

_____
Debtor    Stephen Lee Burns

_____
Joint Debtor

February 2006                                                                2006 USBC Central District of California

| UNITED STATES BANKRUPTCY COURT |
| CENTRAL DISTRICT OF CALIFORNIA |

| In re | | CHAPTER:    7 |
| | Stephen Lee Burns | |
| | Debtor(s). | CASE NO.: |

# DEBTOR'S CERTIFICATION OF EMPLOYMENT INCOME
## PURSUANT TO 11 U.S.C. § 521(a)(1)(B)(iv)

Please fill out the following blank(s) and check the box next to <u>one</u> of the following statements:

I, _____Stephen Lee Burns_____, the debtor in this case, declare under penalty
                *(Print Name of Debtor)*

of perjury under the laws of the United States of America that:

☐    I have attached to this certificate copies of my pay stubs, pay advices and/or other proof of employment income for the
       60-day period prior to the date of the filing of my bankruptcy petition.
       (*NOTE: the filer is responsible for blacking out the Social Security number on pay stubs prior to filing them.*)

☒    I was self-employed for the entire 60-day period prior to the date of the filing of my bankruptcy petition, and received
       no payment from any other employer.

☐    I was unemployed for the entire 60-day period prior to the date of the filing of my bankruptcy petition.

I, _____, the debtor in this case, declare under penalty of
              *(Print Name of Joint Debtor, if any)*

perjury under the laws of the United States of America that:

☐    I have attached to this certificate copies of my pay stubs, pay advices and/or other proof of employment income for
       the 60-day period prior to the date of the filing of my bankruptcy petition.
       (*NOTE: the filer is responsible for blacking out the Social Security number on pay stubs prior to filing them.*)

☐    I was self-employed for the entire 60-day period prior to the date of the filing of my bankruptcy petition, and received
       no payment from any other employer.

☐    I was unemployed for the entire 60-day period prior to the date of the filing of my bankruptcy petition.

Date  November 15, 2010          Signature _____
                                                              *Debtor*  Stephen Lee Burns

Date  _____          Signature _____
                                                              *Joint Debtor (if any)*

B 22A (Official Form 22A) (Chapter 7) (04/10)

In re __Stephen Lee Burns_____
            Debtor(s)

Case Number: _____
           (If known)

According to the information required to be entered on this statement
(check one box as directed in Part I, III, or VI of this statement):

- ☐ **The presumption arises.**
- ☑ **The presumption does not arise.**
- ☐ **The presumption is temporarily inapplicable.**

## CHAPTER 7 STATEMENT OF CURRENT MONTHLY INCOME AND MEANS-TEST CALCULATION

In addition to Schedules I and J, this statement must be completed by every individual chapter 7 debtor, whether or not filing jointly. Unless the exclusion in Line 1C applies, joint debtors may complete a single statement. If the exclusion in Line 1C applies, each joint filer must complete a separate statement.

| | Part I. MILITARY AND NON-CONSUMER DEBTORS |
|---|---|
| 1A | **Disabled Veterans.** If you are a disabled veteran described in the Declaration in this Part 1A, (1) check the box at the beginning of the Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Declaration of Disabled Veteran.** By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. §901(1)). |
| 1B | **Non-consumer Debtors.** If your debts are not primarily consumer debts, check the box below and complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Declaration of non-consumer debts.** By checking this box, I declare that my debts are not primarily consumer debts. |
| 1C | **Reservists and National Guard Members; active duty or homeland defense activity.** Members of a reserve component of the Armed Forces and members of the National Guard who were called to active duty (as defined in 10 U.S.C. § 101(d)(1)) after September 11, 2001, for a period of at least 90 days, or who have performed homeland defense activity (as defined in 32 U.S.C. § 901(1)) for a period of at least 90 days, are excluded from all forms of means testing during the time of active duty or homeland defense activity and for 540 days thereafter (the "exclusion period"). If you qualify for this temporary exclusion, (1) check the appropriate boxes and complete any required information in the Declaration of Reservists and National Guard Members below, (2) check the box for "The presumption is temporarily inapplicable" at the top of this statement, and (3) complete the verification in Part VIII. **During your exclusion period you are not required to complete the balance of this form, but you must complete the form no later than 14 days after the date on which your exclusion period ends, unless the time for filing a motion raising the means test presumption expires in your case before your exclusion period ends.**<br><br>☐ **Declaration of Reservists and National Guard Members.** By checking this box and making the appropriate entries below, I declare that I am eligible for a temporary exclusion from means testing because, as a member of a reserve component of the Armed Forces or the National Guard<br><br>        a. ☐ I was called to active duty after September 11, 2001, for a period of at least 90 days and<br>            ☐ I remain on active duty /or/<br>            ☐ I was released from active duty on _____, which is less than 540 days before this bankruptcy case was filed;<br><br>           OR<br><br>        b. ☐ I am performing homeland defense activity for a period of at least 90 days /or/<br>            ☐ I performed homeland defense activity for a period of at least 90 days, terminating on _____, which is less than 540 days before this bankruptcy case was filed. |

B 22A (Official Form 22A) (Chapter 7) (04/10)                                                                     2

## Part II. CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION

| | | Column A Debtor's Income | Column B Spouse's Income |
|---|---|---|---|
| 2 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☑ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 3-11.**<br>b. ☐ Married, not filing jointly, with declaration of separate households. By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." **Complete only Column A ("Debtor's Income") for Lines 3-11.**<br>c. ☐ Married, not filing jointly, without the declaration of separate households set out in Line 2.b above. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.**<br>d. ☐ Married, filing jointly. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.** | | |

| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | Column A Debtor's Income | Column B Spouse's Income |
|---|---|---|---|
| 3 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $ 0.00 | $ |

| 4 | **Income from the operation of a business, profession or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part V.** | $ 500.00 | $ |
|---|---|---|---|

| a. | Gross receipts | $ 525.00 |
|---|---|---|
| b. | Ordinary and necessary business expenses | $ 25.00 |
| c. | Business income | Subtract Line b from Line a |

| 5 | **Rent and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 5. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part V.** | $ 0.00 | $ |
|---|---|---|---|

| a. | Gross receipts | $ 0.00 |
|---|---|---|
| b. | Ordinary and necessary operating expenses | $ 0.00 |
| c. | Rent and other real property income | Subtract Line b from Line a |

| 6 | **Interest, dividends and royalties.** | $ 0.00 | $ |
|---|---|---|---|
| 7 | **Pension and retirement income.** | $ 0.00 | $ |
| 8 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by your spouse if Column B is completed. | $ 0.00 | $ |
| 9 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 9. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act    Debtor $ 0.00    Spouse $ _____ | $ 0.00 | $ |

B 22A (Official Form 22A) (Chapter 7) (04/10)                                                           3

| | | | |
|---|---|---|---|
| 10 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. **Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance.** Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of domestic or international terrorism. | | |

| | | $ | |
|---|---|---|---|
| a. | My mother, Ellen Burns, has loaned me money | 3,000.00 | |
| b. | | $ 0.00 | |

Total and enter on Line 10       $ 3,000.00    $

| 11 | **Subtotal of Current Monthly Income for § 707(b)(7).** Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 through 10 in Column B. Enter the total(s). | $ 3,500.00 | $ |
|---|---|---|---|
| 12 | **Total Current Monthly Income for § 707(b)(7).** If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 11, Column A. | | $ 3,500.00 |

## Part III. APPLICATION OF § 707(b)(7) EXCLUSION

| 13 | **Annualized Current Monthly Income for § 707(b)(7).** Multiply the amount from Line 12 by the number 12 and enter the result. | $ 42,000.00 |
|---|---|---|
| 14 | **Applicable median family income.** Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)  a. Enter debtor's state of residence: _California_  b. Enter debtor's household size: _____1 | $ 47,969.00 |
| 15 | **Application of Section 707(b)(7).** Check the applicable box and proceed as directed.  [✓] **The amount on Line 13 is less than or equal to the amount on Line 14.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete Part VIII; do not complete Parts IV, V, VI or VII.  [ ] **The amount on Line 13 is more than the amount on Line 14.** Complete the remaining parts of this statement. | |

### Complete Parts IV, V, VI, and VII of this statement only if required. (See Line 15.)

| | **Part IV. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)** | |
|---|---|---|
| 16 | Enter the amount from Line 12. | $ 3,500.00 |
| 17 | **Marital adjustment.** If you checked the box at Line 2.c, enter on Line 17 the total of any income listed in Line 11, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If you did not check box at Line 2.c, enter zero. | |

| a. | | $ |
|---|---|---|
| b. | | $ |
| c. | | $ |

Total and enter on Line 17.      $

| 18 | **Current monthly income for § 707(b)(2).** Subtract Line 17 from Line 16 and enter the result. | $ |
|---|---|---|

## Part V. CALCULATION OF DEDUCTIONS FROM INCOME

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 19A | **National Standards: food, clothing and other items.** Enter in Line 19A the "Total" amount from IRS National Standards for Food, Clothing and Other Items for the applicable household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
|---|---|---|

B 22A (Official Form 22A) (Chapter 7) (04/10)                                    4

| | |
|---|---|
| **19B** | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the number of members of your household who are under 65 years of age, and enter in Line b2 the number of members of your household who are 65 years of age or older. (The total number of household members must be the same as the number stated in Line 14b.) Multiply Line a1 by Line b1 to obtain a total amount for household members under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for household members 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 19B. | |

| Household members under 65 years of age | | Household members 65 years of age or older | | |
|---|---|---|---|---|
| a1. | Allowance per member | a2. | Allowance per member | |
| b1. | Number of members | b2. | Number of members | |
| c1. | Subtotal | c2. | Subtotal | $ |

| | |
|---|---|
| **20A** | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). | $ |

| | |
|---|---|
| **20B** | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and household size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B. **Do not enter an amount less than zero.** | |

| a. | IRS Housing and Utilities Standards; mortgage/rental expense | $ |
|---|---|---|
| b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 42 | $ |
| c. | Net mortgage/rental expense | Subtract Line b from Line a. | $ |

| | |
|---|---|
| **21** | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below:<br><br>_____<br>_____<br>_____ | $ |

| | |
|---|---|
| **22A** | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8.<br><br>☐ 0  ☐ 1  ☐ 2 or more.<br><br>If you checked 0, enter on Line 22A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 22A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |

| | |
|---|---|
| **22B** | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 22B the "Public Transportation" amount from IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |

B 22A (Official Form 22A) (Chapter 7) (04/10)                                                                5

| | | |
|---|---|---|
| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.)<br><br>☐ 1  ☐ 2 or more.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23. **Do not enter an amount less than zero.** | |
| | a. IRS Transportation Standards, Ownership Costs  \| $ | |
| | b. Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42  \| $ | |
| | c. Net ownership/lease expense for Vehicle 1  \| Subtract Line b from Line a. | $ |
| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 23.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24. **Do not enter an amount less than zero.** | |
| | a. IRS Transportation Standards, Ownership Costs  \| $ | |
| | b. Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42  \| $ | |
| | c. Net ownership/lease expense for Vehicle 2  \| Subtract Line b from Line a. | $ |
| 25 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self-employment taxes, social-security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $ |
| 26 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly payroll deductions that are required for your employment, such as retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $ |
| 27 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ |
| 28 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due obligations included in Line 44.** | $ |
| 29 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ |
| 30 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare—such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $ |
| 31 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 19B. **Do not include payments for health insurance or health savings accounts listed in Line 34.** | $ |
| 32 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service—such as pagers, call waiting, caller id, special long distance, or internet service—to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ |
| 33 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 19 through 32. | $ |

B 22A (Official Form 22A) (Chapter 7) (04/10)                                                                                              6

| | **Subpart B: Additional Living Expense Deductions**<br>**Note: Do not include any expenses that you have listed in Lines 19-32** | |
|---|---|---|
| 34 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents.<br><br>| a. | Health Insurance | $ |<br>| b. | Disability Insurance | $ |<br>| c. | Health Savings Account | $ |<br><br>Total and enter on Line 34<br><br>**If you do not actually expend this total amount,** state your actual total average monthly expenditures in the space below:<br>$ _____ | $ |
| 35 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | $ |
| 36 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ |
| 37 | **Home energy costs.** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 38 | **Education expenses for dependent children less than 18.** Enter the total average monthly expenses that you actually incur, not to exceed $147.92* per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ |
| 39 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 40 | **Continued charitable contributions.** Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | $ |
| 41 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 34 through 40 | $ |

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B 22A (Official Form 22A) (Chapter 7) (04/10)  7

## Subpart C: Deductions for Debt Payment

| 42 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 42. | | | |
|---|---|---|---|---|

| | | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? |
|---|---|---|---|---|---|
| | a. | | | $ | ☐ yes ☐ no |
| | b. | | | $ | ☐ yes ☐ no |
| | c. | | | $ | ☐ yes ☐ no |
| | | | | Total: Add Lines a, b and c. | | $ |

| 43 | **Other payments on secured claims.** If any of debts listed in Line 42 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 42, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. |
|---|---|

| | | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|---|
| | a. | | | $ |
| | b. | | | $ |
| | c. | | | $ |
| | | | | Total: Add Lines a, b and c | $ |

| 44 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 28.** | $ |
|---|---|---|

| 45 | **Chapter 13 administrative expenses.** If you are eligible to file a case under chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. | | |
|---|---|---|---|

| | a. | Projected average monthly chapter 13 plan payment. | $ |
|---|---|---|---|
| | b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x |
| | c. | Average monthly administrative expense of chapter 13 case | Total: Multiply Lines a and b | $ |

| 46 | **Total Deductions for Debt Payment.** Enter the total of Lines 42 through 45. | $ |
|---|---|---|

## Subpart D: Total Deductions from Income

| 47 | **Total of all deductions allowed under § 707(b)(2).** Enter the total of Lines 33, 41, and 46. | $ |
|---|---|---|

B 22A (Official Form 22A) (Chapter 7) (04/10)                                                                8

| | **Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION** | |
|---|---|---|
| 48 | **Enter the amount from Line 18 (Current monthly income for § 707(b)(2))** | $ |
| 49 | **Enter the amount from Line 47 (Total of all deductions allowed under § 707(b)(2))** | $ |
| 50 | **Monthly disposable income under § 707(b)(2).** Subtract Line 49 from Line 48 and enter the result | $ |
| 51 | **60-month disposable income under § 707(b)(2).** Multiply the amount in Line 50 by the number 60 and enter the result. | $ |
| 52 | **Initial presumption determination.** Check the applicable box and proceed as directed. ☐ **The amount on Line 51 is less than $7,025\*** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI. ☐ **The amount set forth on Line 51 is more than $11,725\*.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. Do not complete the remainder of Part VI. ☐ **The amount on Line 51 is at least $7,025\*, but not more than $11,725\*.** Complete the remainder of Part VI (Lines 53 through 55). | |
| 53 | **Enter the amount of your total non-priority unsecured debt** | $ |
| 54 | **Threshold debt payment amount.** Multiply the amount in Line 53 by the number 0.25 and enter the result. | $ |
| 55 | **Secondary presumption determination.** Check the applicable box and proceed as directed. ☐ **The amount on Line 51 is less than the amount on Line 54.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. ☐ **The amount on Line 51 is equal to or greater than the amount on Line 54.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. | |

| | **Part VII: ADDITIONAL EXPENSE CLAIMS** |
|---|---|
| 56 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. |

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| | Total: Add Lines a, b and c | $ |

| | **Part VIII: VERIFICATION** |
|---|---|
| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this is a joint case, both debtors must sign.)* Date: *November 15, 2010*    Signature: *Stephen Lee Barnes* (Debtor) Date: _____    Signature: _____ (Joint Debtor, if any) |

*\*Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

Verification of Creditor Mailing List - (Rev. 10/05)                                                         2003 USBC, Central District of California

# MASTER MAILING LIST
## Verification Pursuant to Local Bankruptcy Rule 1007-2(d)

Name    Stephen Lee Burns

Address    301 E. Verdugo Ave., Apartment 205, Burbank, California 91502

Telephone    (818) 566-7042

☐ Attorney for Debtor(s)
☒ Debtor in Pro Per

---

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| List all names including trade names used by Debtor(s) within last 8 years):<br><br>Stephen Lee Burns | Case No.: |
|---|---|
| | Chapter:    7 |

---

## VERIFICATION OF CREDITOR MAILING LIST

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors, consisting of __6__ sheet(s) is complete, correct, and consistent with the debtor's schedules pursuant to Local Rule 1007-2(d) and I/we assume all responsibility for errors and omissions.

Date:    November 15, 2010

*Debtor*    Stephen Lee Burns

_____    _____
*Attorney (if applicable)*    *Joint Debtor*

Stephen Lee Burns
301 E Verdugo Avenue
Apartment 205
Burbank, CA 91502


United States Trustee
725 S Figueroa Street
26th Floor
Los Angeles, CA 90017

Siranush Andakyan
6558 Agnes Ave
N Hollywood, CA 91606


Are Design
Attn Bryce Reynolds
1141 17th St Suite 1
Santa Monica, CA 90403


George and Kathy Beard
1203 Pavoreal
San Clemente, CA 92673


Capital Management Services
726 Exchange St Suite 700
Buffalo, NY 14210


Capital One Master Card
PO Box 30285
Salt Lake City, UT 84130


Thomas Cassaro
1735 Winmar Drive
Los Angeles, CA 90065


Chase Visa
PO Box 15548
Wilmington, DE 19886


Hwa-Yon and Andrew Cho
3175 Muir Trail Drive
Fullerton, CA 92833

Citicorp Credit Services
Alliance One Receivables
PO Box 3107
Southeastern, PA 19398


Kauai Collins
1741 Crenshaw Blvd
Apartment 110
Los Angeles, CA 90019


Kauai Collins
1741 Crenshaw Blvd
Apartment 103
Los Angeles, CA 90019


Court Services LLC
5001 Birch Street
Newport Beach, CA 92660


Dell Preferred Account
Payment Processing
PO Box 6403
Carol Stream, IL 60197


Johana Diaz
7623 S San Pedro Street
Los Angeles, CA 90003


Financial Asset Management
PO Box 451409
Atlanta, GA 31145


FMA Alliance Ltd
PO Box 2409
Houston, TX 77252-2409

Franchise Tax Board
PO Box 942867
Sacramento, CA 94267-0041

Noelle Francis
117 West Escalones
San Clemente, CA 92672

Richard and Debra Horny
8 Feeton Avenue
S San Francisco, CA 94080

HSBC Card Services
PO Box 60102
City of Industry, CA 91716

David Huerta
1032 N Sweetzer Ave
Apt 113
West Hollywood, CA 90069

Internal Revenue Service
PO Box 145566
Cincinnati, OH 45250-5566

Keenan Jackson
6235 Woodbridge Street
Chino Hills, CA 91709

Jin Young Jun
2316 El Rancho Vista
Fullerton, CA 92833

KG Law
1010 N Central Avenue
Suite 450
Glendale, CA 91202


Yong Jung Kim
2125 Crescent Avenue
Montrose, CA 91020


Thomas Kish
7217 La Presa Drive
Los Angeles, CA 90068


Los Angeles County Tax Collector
225 N Hill Street Room 122
Los Angeles, CA 90012


Fernando Loyola
6214 Peterson Avenue
Woodland Hills, CA 91367


Ponniah Nimalan
255 N Cielo Road Unit 230
Palm Springs, CA 92262


Youngmi Oh
3301 Crail Way
Glendale, CA 91206


Kaye Park
1248 Chestnut Street
Upland, CA 91784

Platinum Recovery Solutions
14010 FNB Parkway  5E
STOP 8156
Omaha, NE 68154-5206

Dustin T. Sanders
4 Gauguin Circle
Aliso Viejo, CA 92656

Michael Shunnarah
950 Larrabee Street
Apartment 303
West Hollywood, CA 90069

Michael Wilke
7737 Romaine Street
Apartment 5
West Hollywood, CA 90046